IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

        Plaintiff,                  No. CIV S-05-1680 DFL JFM P

    vs.

UNIT IV COUNSELING CENTER et al.,

        Defendants.          ORDER
_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil complaint together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons set forth <u>infra</u>, ruling on plaintiff's in forma pauperis application will be deferred at this time.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint, or portion thereof, should only be dismissed for failure to state a
9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13  complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  Plaintiff's complaint contains the following allegations:

> Dr. Morgenstern represents the counseling center in unit IV.  I was seen by more than one psycologist [sic] throughout the past three and a half years as required by law, but my "informant" status became a question of concern as well as my identity and release date.  I was seen by all doctors listed and more, and on or about 2/24/04 I was seen by a Mr. Perez from T.C.M.P.  I have still not been released as he stated I was listed to be in the computer.  My release please.

23  (Complaint, filed August 22, 2005, at 5.)  Plaintiff names several defendants, and he seeks
24  "immediate release," money damages, and other injunctive relief.

25  The allegations of plaintiff's complaint are extremely vague and conclusory and
26  the court is therefore unable to determine whether the complaint states a claim cognizable in a

2

civil rights action pursuant to 42 U.S.C. § 1983.  For that reason, the complaint will be dismissed and plaintiff will be given an opportunity to file either an amended pleading or a request for voluntary dismissal.

Plaintiff's complaint appears to call into question the validity of his continued confinement, although it is not clear whether plaintiff is challenging his continued prison confinement or some other form of confinement within the prison system.

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement.  Id. at 499.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a civil rights action concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Id.; see also Osborne v. District Attorney's Office for Third Judicial District, 423 F.3d 1050, 1053 (9th Cir. 2005) (Heck test applies to civil rights actions for injunctive relief as well as those for money damages).

The court is unable to determine the extent to which this action implicates the validity of plaintiff's continued confinement and, therefore, whether it is cognizable as a civil rights action.  For this reason, plaintiff's complaint will be dismissed and plaintiff will be given one opportunity to file an amended pleading raising a cognizable federal claim or a request for voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).

If plaintiff chooses to file an amended complaint, the court will at that time rule on plaintiff's application to proceed in forma pauperis. Plaintiff is informed that if he files an amended civil rights complaint he will incur a liability in the amount of the $250.00 federal court filing fee for a civil rights action. See 28 U.S.C. §§ 1914, 1915(b)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of this order to file either an amended pleading or a request for voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a).

3. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff a form civil rights complaint and a form habeas corpus petition, both with accompanying instructions.

DATED: October 21, 2005.

UNITED STATES MAGISTRATE JUDGE

12
hart1680.14

4